WISCONSIN EMPLOYMENT RELATIONS COMMISSION, Respondent, v. ATLANTIC RICHFIELD COMPANY, Appellant: GENERAL DRIVERS & DAIRY EMPLOYEES UNION, LOCAL No. 563, Intervening Respondent. [Case No. 293.]

WISCONSIN EMPLOYMENT RELATIONS COMMISSION, Respondent, v. ATLANTIC RICHFIELD COMPANY, Appellant: GENERAL DRIVERS & DAIRY EMPLOYEES UNION, LOCAL No. 563, Intervening Respondent. [Case No. 294.]

*Nos. 293, 294. Argued June 3, 1971.—Decided June 25, 1971.*
(Also reported in 187 N. W. 2d 805.)

128

For the appellant there were briefs by *Lamfrom, Peck & Brigden,* attorneys, and *Egon W. Peck* and *James F. Honzik* of counsel, all of Milwaukee, and oral argument by *Mr. Honzik.*

For the respondent the cause was argued by *William H. Wilker,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

For the intervening respondent there was a brief by *Goldberg, Previant & Uelmen,* attorneys, and *Gerry M. Miller* of counsel, all of Milwaukee, and oral argument by *Mr. Miller.*

ROBERT W. HANSEN, J. Does the doctrine of federal pre-emption preclude the WERC from acting as it did in this case?

Answering requires initially asking and answering another question: Does the NLRB have jurisdiction to certify a representative for bargaining purposes in a unit consisting of only one employee? If it does, the field is federally pre-empted even though, as a matter of policy, the national board chose not to intervene in one-man bargaining unit situations.

Appellant argues that the NLRB's consistent rejection of one-man bargaining units is a matter of board policy, subject to change, and not a matter of a lack of jurisdiction. Appellant relies upon references in NLRB decisions (refusing to certify a representative for bargaining purposes in a unit consisting of only one employee) to "contrary to the settled policy of the Board," [1] to "no longer appropriate," [2] to "will not take jurisdiction," [3] to "would not," [4] and to "[not] inherently inappropriate under Section 9 (a) of the Act." [5]

Respondents contend that NLRB decisions and federal court rulings clearly establish that the NLRB is without jurisdiction to certify where only one employee is involved. In the first NLRB case involving one-man bargaining units, the board stated: ". . . The Act therefore does not empower the Board to certify where only one employee is involved. . . ." [6] Cases subsequently refusing to certify one-man units refer to or cite *Luckenbach* without altering or reversing its clear statement that the board holds it is without jurisdiction to certify a bargaining representative for a one-employee unit.

In rejecting the union's request to compel the appellant to bargain with a one-man unit and in dismissing

---

[1] *Cutter Laboratories* (1956), 116 NLRB 260, 261.

[2] *Sonoma-Marin Publishing Co.* (1968), 172 NLRB No. 62.

[3] *Joe White IGA* (1965), 154 NLRB 1.

[4] *Teamsters Local Union No. 115 (Vila-Barr Co.)* (1966), 157 NLRB 588.

[5] *Louis Rosenberg, Inc.* (1959), 122 NLRB 1450, 1453.

[6] *Luckenbach Steamship Co., Inc.* (1936), 2 NLRB 181, 193.

the union's complaint to the NLRB in this case, the board's regional director cited the NLRB's holding:

> "The Board has held that it will not certify a one-man unit because the principle of collective bargaining presupposes that there is more than one eligible person who desires to bargain. The Act therefore does not empower the Board to certify a one-man unit. . . ."[7]

What might appear to be inconsistent references to lack of jurisdiction and board policy is made clear, we would hold, in the NLRB decision, citing *Luckenbach*, holding that the national board ". . . has long held that it is without power to certify a labor organization as the representative of but one employee *and* has followed the policy of not directing elections in one-man units. . . ."[8] (Emphasis supplied.) That case, referring as it does both to lack of jurisdiction and to board policy, makes it clear that the policy involved is based upon and a result of the board being without jurisdiction to entertain certification of a one-man unit. If it can be described as a "policy" at all, it is a policy to which there is no alternative in view of the lack of jurisdiction in the one-man unit area.

The fifth circuit court of appeals followed *Luckenbach* and held that the NLRB was not empowered to certify one-man bargaining units, saying:

> ". . . It is fundamental that 'the principle of collective bargaining presupposes that there is more than one eligible person who desires to bargain. The Act therefore does not empower the Board to certify where only one employee is involved.' [citing *Luckenbach*] . . . Where occasional employees are excluded from the unit leaving only one employee, the unit is inappropriate and cannot be certified. . . ."[9]

[7] *Foreign Car Center, Inc.* (1960), 129 NLRB 319, 320.

[8] *Al & Dick's Steak House, Inc.* (1961), 129 NLRB 1207.

[9] *NLRB v. WGOK, Inc.* (5th Cir. 1967), 384 Fed. 2d 500, 503.

The board examiner considered a United States Supreme Court decision, the *Hanna Mining Co. Case*,[10] to be determinative of the national board's lack of jurisdiction as to one-man units. We do not find it controlling, but do find its reasoning persuasive. There the nation's highest tribunal held that the Wisconsin state courts did have jurisdiction in an action by an interstate commerce employer for an injunction to restrain a union from picketing the employer's vessels. The picketing was alleged to be an effort to force employees found by the NLRB to be supervisors to be represented by the union. The NLRB had declined to overrule a regional director ruling that, since the personnel involved were supervisors, not covered by the NLRA, the petition of the union for a representation election had to be dismissed. Piercing the reference to a unit as being "inappropriate," the United States Supreme Court held that a unit inappropriate by definition established a lack of board jurisdiction. There the supervisors were excluded from the NLRA by statutory exclusion. Here, as to one-man units, as there, as to supervisors, it is the definition given the term "collective bargaining" that establishes the exclusion from NLRB jurisdiction. An exclusion based on interpretation and inference is not as clear as one statutorily provided, but we agree with the WERC examiner that ". . . there is no indication that there is less integrity in conclusions so based. . . ." Here, as in *Hanna*, the unit is inappropriate by definition, and hence there is a lack of NLRB jurisdiction.

However, more must be established than lack of NLRB jurisdiction to establish the basis for assertions by state labor agencies for collective bargaining purposes as to employers otherwise subject to the NLRA. To aid in

---

[10] *Hanna Mining Co. v. Marine Engineers* (1965), 382 U. S. 181, 187, 86 Sup. Ct. 327, 15 L. Ed. 2d 254.

resolving problems it termed of a Delphic nature,[11] the United States Supreme Court has laid down guidelines as to when state labor law is pre-empted by federal law, holding:

". . . When an activity is arguably subject to sec. 7 or sec. 8 of the Act, the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board if the danger of state interference with national policy is to be averted." [12]

So, as the United States Supreme Court pointed out in the *Hanna Case:*

"The ground rules for preemption in labor law, emerging from our *Garmon* decision, should first be briefly summarized: in general, a State may not regulate conduct arguably 'protected by sec. 7, or prohibited by sec. 8' of the National Labor Relations Act, . . . and the legislative purpose may further dictate that certain activity 'neither protected nor prohibited' be deemed privileged against state regulation . . . ." [13]

However, in the instant case, having found the NLRB to be by its own rulings without jurisdiction as to one-man units, the remaining question as to whether the activity involved is protected, prohibited or contrary to the legislative purpose of the federal labor act is easily

[11] ". . . The statutory implications concerning what has been taken from the States and what has been left to them are of a Delphic nature, to be translated into concreteness by the process of litigating elucidation. . . ." *Machinists v. Gonzales* (1958), 356 U. S. 617, 619, 78 Sup. Ct. 923, 22 L. Ed. 2d 1018.

[12] *San Diego Unions v. Garmon* (1959), 359 U. S. 236, 245, 79 Sup. Ct. 773, 3 L. Ed. 2d 775, that rationale being given as: ". . . The governing consideration is that to allow the States to control activities that are potentially subject to federal regulation involves too great a danger of conflict with national labor policy." (*Id.* at page 246)

[13] *Hanna Mining Co. v. Marine Engineers, supra,* at page 187. *See also: Garner v. Teamsters Union* (1953), 346 U. S. 485, 490, 491, 74 Sup. Ct. 161, 165, 166, 98 L. Ed. 228.

answered. The cases, it appears to us, make clear that it is not. The NLRB has stated: ". . . There is no statutory or other policy against representation of an individual employee in a stable one-man unit by an authorized representative, or the signing of a bargaining contract for such an individual by the representative. . . ."[14] In that case while refusing to bar recognitional picketing, even though in violation of subsec. 8 (b) 7 (B) of the NLRA, the national board stated that because it was not empowered to certify a bargaining representative "or by other procedures require bargaining in a unit comprising one employee . . . it would be inequitable . . . to condition the lawfulness of the recognitional picketing in a one-man unit on the union's filing of a petition, since, if such petition were filed, it would be dismissed. . . ."[15]

Unless the federal purpose can be found to be to create a no-man's land for one-man bargaining units, in which the only resort is to strikes and picketing, no case can be made for asserting that pre-emption governs as to such units. With the purpose of both the NLRA and the Wisconsin Employment Peace Act to seek the peaceful adjustment of labor-management disputes as a "substitute for industrial strife,"[16] we would hold that state agencies properly act in seeking to substitute collective bargaining for sidewalk settlement of disputes involving one-man bargaining units.

Appellant would have us read into the NLRB refusal to ban continued picketing by a one-man unit in the *Teamsters Local Union No. 115 Case,* the board's taking jurisdiction of what could be termed "simple" bargain-

---

[14] *Teamsters Local Union No. 115 (Vila-Barr Co.), supra,* at page 591.

[15] *Id.* at page 590.

[16] *Steelworkers v. Warrior & Gulf* (1960), 363 U. S. 574, 578, 80 Sup. Ct. 1347, 4 L. Ed. 2d 1409.

ing as compared to collective bargaining. We see no more involved than a recognition that the purpose of halting picketing is thwarted where an election cannot be held as to representation in a one-man unit, and recognition that rights, including the right of recognitional picketing, may well exist outside the NLRA.[17]

Both appellant and respondents cite the *Bethlehem Steel Company Case*,[18] on the aspect of whether state regulation here could be regarded as providing additional rights to one-man units contrary to the federal legislative purpose. But, in *Bethlehem*, to quote the high court decision, ". . . Neither did the National Board ever deny its own jurisdiction . . . ."[19] In *Bethlehem*, the court found that ". . . [B]oth governments have laid hold of the same relationship for regulation, and it involves the same employers and the same employees. . . ."[20] Here, where the right to regulate is denied because of lack of jurisdiction, we are well within the *Bethlehem* situation where the United States Supreme Court held that ". . . [W]here it [NLRA] leaves the employer-employee relation free of regulation in some aspects, it implies that in such matters federal policy is indifferent, and since it is indifferent, to what the individual of his volition may do we can only assume it to be equally indifferent to what he may do under the compulsion of the state. . . ."[21] At the least, as the

---

[17] In *Luckenbach Steamship Co., Inc., supra,* the board stated: ". . . This conclusion [denying jurisdiction over one-man units for collective bargaining purposes] does not mean that a single employee may not designate a representative to act for him; he had such a right without the Act, and the Act in no way limits the right. . . ."

[18] *Bethlehem Co. v. State Board* (1947), 330 U. S. 767, 67 Sup. Ct. 1026, 91 L. Ed. 1234.

[19] *Id.* at page 775.

[20] *Id.* at page 775.

[21] *Id.* at page 773. For the same reason the recent Supreme Court case of *Motor Coach Employees v. Lockridge* (1971), 403

brief of the intervening respondent points out, ". . . That the NLRB may adjudicate and remedy employer interference and discrimination against single employees is a complementary jurisdiction that does not entail conflict with state power over bargaining matters. . . ."

So we conclude, as did the WERC and the trial court, that the doctrine of federal pre-emption does not require the WERC to refrain from regulating collective bargaining in one-man bargaining units. The NLRB lacking jurisdiction to regulate such activity, and no national labor act purpose being frustrated by such state action, the attack upon the WERC order falls. Additionally, the trial court held that it was precluded from considering any objection other than one of jurisdiction over the subject matter because the appellant did not file a timely petition for review. On this appeal, such holding, and the commission finding on which it is based, is not challenged. This opinion is limited to the issue of jurisdiction as was the decision and judgment of the trial court.

*By the Court.*—Judgment affirmed.

U. S. 274, 91 Sup. Ct. 1909, 29 L. Ed. 2d 473, is not applicable. Absent jurisdiction, pre-emption does not apply.